Judge Underwood
delivered the opinion of the Court.
Henry C. Moore,'as relator, instituted •an aetion of debt against Arderry, as sheriff of Har--rison county, and bis sureties, on his official bond, to recover the amount of sundry fee bills, owned by said Moore, as clerk, for services rendered in 1825, and which had been placed, on the 10th of March, Í826, *184 in {he hands of James Patton, a deputy for said Arderry for collection.
Upon the trial, a question arose, whether Moore, at the time of placing the fee bills, in the hands, of Patton, had delivered to him, a duplicate list of the fee bills, endorsed, that notes on the hanks of Kentucky, and the commonwealth of Kentucky, and their branches, might be received in payment, by the officer, as required by act of assembly. Seel. Dig* 500.
Arderry and his sureties, contended that no such list had been delivered with the fee bills, to Patton; and that, in consequence of Moore’s omission, to deliver such list, and to signify, by his endorsement, or certificate thereon, his willingness, to receive bank botes, in payment, Patton was not bound to receive the fee bills, for collection; and if he did receive them, when it was not his duty to do so, the high sheriff, and his sureties were not liable, according to the principles settled in the cases of May vs. Johnson, II. Bibb, 220; and Edwards vs. Taylor, IV. Bibb, 354.
In order to counteract the effect of testimony, introduced by Arderry, the relator introduced A. Moore, as a witness, and proved by him, that upon the trial of a suit in March, 1828, between the commonwealth, for the use of the witness, as plaintiff, and said Ar-derry, &c. defendants, said Patton, stated, he being a witness in that case, that it was his usual practice, when he received fee bills, for collection, to take a certificate from the owner of the bills, evidencing his willingness, that bank notes might be received in pay"ment. Whether it was permissable to prove by A. Moore, what said Patton detailed in evidence, in another- suit, as above, is the main question, relied on, by the assignment of errors.
In March, 1828, Patton was not the deputy of Ar-derry. Why Patton was not called as a witness, instead of proving by A. Moore what he testified, upon a former occasion, does not appear. Patton’s death, or removal is not suggested..
It was clearly erroneous, to admit proof of what' Patton; stated, as a. witness, in another cause, without *185 accounting for his absence, ,and shewing why he Was not introduced, to testify in the present case. If Patton’s statement had been made on former trial the samo case, and put on record by bill of excep-lions, it would not have been used, without accounting for his absence. Baylor vs. Smithers, I. Mon. 6. Much less can it be used when made in another suit, between other and different parties.
Error, to ad-"fwhata Wunesssta-ted in ano-thN cause5 without accounting for absence of witness.
John Trimble, for plaintiffs; Crittenden for defendant.
For this error, the judgment of the circuit court is reversed, and the cause remanded ,for a new trial, '
The plaintiffs in error must recover their costs.